IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: | ) | BK. NO: 25-10270 |
| | ) | |
| **TALLULAH'S TAQUERIA, LLC,** | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION OF UNITED STATES TRUSTEE**
**TO DISMISS OR CONVERT CHAPTER 11 CASE**

The United States Trustee (the "UST"), pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1112, respectfully requests that this Court enter an order dismissing the above-referenced case or converting this case to chapter 7. In support thereof, the UST represents as follows:

**INTRODUCTION AND BACKGROUND**

1. The Debtor has not complied with some basic obligations of a debtor-in-possession such that cause exists for the dismissal or conversion of this case, including failing to file monthly operating reports and to provide the bank statements that are requested to be produced to the UST, failing to close its pre-petition bank accounts, and continuing to pay expenses out of the pre-petition account.

2. On April 7, 2025, Tallulah's Taqueria, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1) and 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file operating reports each month with the Court and serve a copy on the U.S. Trustee (the "Monthly Operating Reports").

4.      Despite these requirements, Debtor has failed to file any Monthly Operating Reports since the commencement of this case in April 2025. Two Monthly Operating Reports are now past due.

5.      Moreover, because the Debtor is obligated to provide to the UST bank statements along with these statutory operating reports, the UST also has not received any bank statements from the debtor-in-possession account since the commencement of this case.

6.      Upon the filing of the case, the UST sent the Debtor an email with various information regarding its obligations as a debtor-in-possession, including the obligation to close its pre-petition bank accounts and open a debtor-in-possession account at an approved depository. Debtor was also advised that all moneys paid by or on behalf of the Debtor must flow through the DIP Account.

7.      Upon good faith information and belief, although the Debtor has opened a debtor-in-possession account, the Debtor has not closed its prepetition account at Navigant Credit Union (the "Navigant Account") and has continued to use the Navigant Account for various post-petition transactions.

8.      The UST is charged with various oversight responsibilities in Chapter 11 cases, including without limitation ensuring that required reports and schedules are provided and filed.

9.      The Debtor's failure to close its prepetition Navigant Account, continued use of that account, and failure to have all income and expenses flow through the debtor-in-possession account prevents the UST from fulfilling his responsibilities, and prevents parties in interest and the UST from assessing the Debtor's progress towards reorganization.

**Cause for Dismissal**

10. Pursuant to 11 U.S.C. § 1112(b), on the request of a party in interest, and after notice and a hearing, except as otherwise provided, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11. Pursuant to 11 U.S.C. § 1112(b)(4), "cause" includes:

> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

> \* \* \*

> (H) failure to timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any).

12. The list of factors set forth in section 1112(b) is not exclusive, and courts can find cause from other circumstances of the case. *See In re Kerr*, 908 F.2d 400, 404 (8th Cir. 1990); *Matter of Nugelt, Inc.*, 142 B.R. 661, 668 (Bankr. Del. 1992).

13. A debtor-in-possession is a fiduciary to the estate and its creditors. *Commodity Futures Trading Comm'n v.* Weintraub, 471 U.S. 343, 355 (1985). Failure to comply with these fiduciary obligations may be cause for dismissing a chapter 11 case. *See Nugelt,* at 666; *In re Wells*, 71 B.R. 554, 557 (Bankr. N.D. Ohio 1987).

14. The Debtor has failed to file Monthly Operating Reports since the commencement of this case in April 2025, and has failed to provide the bank statements reasonably requested by the UST for its debtor-in-possession account. *See* 11 U.S.C. § 1112(b)(F).

15. The Debtor has also failed to close its prepetition account and has continued the use of a prepetition account and, therefore, is not complying with the UST requirements regarding banking and reporting. *See* 11 U.S.C. § 1112(b)(H).

16. For all these reasons, cause exists to dismiss this case pursuant to 11 U.S.C. § 1112(b).

17. The UST believes based upon these circumstances that dismissal is in the best interests of creditors and the estate because there is no equity in the business assets.

18. Pursuant to 11 U.S.C. § 1112(b)(1), the Court may convert this case to chapter 7 rather than dismiss it if the Court finds that conversion is in the best interests of creditors and the estate.

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order dismissing this case for cause and granting such other and further relief as is just and equitable.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee for Region One

By: /s/ *Sandra Nicholls*
Sandra Nicholls
Acting Assistant U.S. Trustee
U.S. Department of Justice

Office of the U.S. Trustee<br>
U.S. Courthouse<br>
One Exchange Terrace, Suite 431<br>
Providence, RI 02903<br>
Direct: (401) 528-5553<br>
Sandra.Nicholls@usdoj.gov

Dated:  June 27, 2025

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

### Certification of Service

I hereby certify that on June 27, 2025, I electronically filed the Motion to Dismiss OPR Convert Case in the above captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  The following participant(s) are scheduled to receive notice electronically:

- Daniel E. Burgoyne    dburgoyne@psh.com, kfrancois@psh.com
- Joseph M. DiOrio    jdiorio@pldolaw.com, jdiorio@pldolaw.com;aperry@pldolaw.com;RI02@ecfcbis.com;aperry@pldolaw.com;pmacnie@pldolaw.com;kstamp@pldolaw.com;agruttadauria@pldolaw.com;mbond@pldolaw.com
- Matthew J. McGowan    Mmcgowan@sklawri.com, kgerman@sklawri.com
- Thomas P. Quinn    tquinn@mclaughlinquinn.com, mwoodside@mclaughlinquinn.com

A copy of the Motion to Dismiss Case was also mailed by first class mail, postage prepaid to the following person(s):

**See Attached Mailing Matrix**

/s/ <i>Sandra Nicholls</i><br>
Sandra Nicholls